IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN SPIESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-107 Erie |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

# OPINION AND ORDER

I. Synopsis

Pending before the Court are cross-motions for summary judgment. ECF Nos. [9] (Plaintiff) and [13] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [10] (Plaintiff) and [14] (Defendant).[1] The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, Defendant's Motion, ECF No. [13], is granted and Plaintiff's Motion, ECF No. [9] is denied.

II. Background

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability benefits pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning December 28, 2011. ECF No.

---

[1] Although I granted Plaintiff's Motion for Leave to File a Reply Brief, *see* Text Order at ECF No. 16, Plaintiff's counsel filed a Notice informing me that he decided not to file a Reply. ECF No. 17.

7-2, 13. After Plaintiff's application was denied initially on September 7, 2012, she requested that her application be reviewed by an Administrative Law Judge ("ALJ"). *Id.* On September 11, 2013, Plaintiff testified via video at a hearing before the ALJ. *Id.* On September 19, 2013, the ALJ found Plaintiff not disabled under the Act. *Id.* at 19. After exhausting all administrative remedies, Plaintiff filed the instant case.

III. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

   1. Whether the ALJ Erred in Finding Plaintiff is Capable of Performing Past Relevant Work

Plaintiff argues that the ALJ's determination at Step 4 that Plaintiff can perform her past relevant work as a housekeeper is not supported by substantial evidence. ECF No. 10, 3-6. In support, Plaintiff argues that the ALJ's questioning of Plaintiff was vague and is thus unreviewable and that the work required of a housekeeper exceeds the ALJ's RFC determination for Plaintiff. *Id.* 3-6.

At Step 4, an ALJ must determine a claimant's Residual Functional Capacity ("RFC"), 20 C.F.R. §§ 404.1520(e), 416.920(e), and then consider whether the claimant retains the RFC to perform her past relevant work. *Id.* at §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). " 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000)) (citations omitted); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC determination is an assessment of the most an individual can do given his limitations); *see also* SSR 96-8p. In determining a claimant's RFC, an ALJ is required to consider all of the evidence before him, including the medical evidence, a claimant's subjective complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41. Past relevant work is work done by the claimant within the last 15 years, that was substantial gainful activity ("SGA"), and that lasted long enough such that the claimant could learn to do the work. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). In determining whether a claimant can do her past relevant work, an ALJ must decide whether a person with the claimant's limitations "can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." *Id.* at §§ 404.1560(b)(2), 416.960(b)(2); *see also* S.S.R. 82-61 & 82-62.

Here, the ALJ found Plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: she cannot tolerate frequent interaction with the public." ECF No. 7-2, 17. The ALJ explained his reasons underlying the RFC determination including, *inter alia*, the fact that Plaintiff's anxiety and depression improved with therapy and medication, the opinion of Dr. Rhinehart, the consultative psychologist, who found that Plaintiff is mildly impaired when it comes to interacting appropriately with others, and Plaintiff's testimony that she has difficulty relating to others. *Id.* at 17-18. After concluding that Plaintiff is capable of performing work that does not require frequent interaction with the public, the ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work as a hotel housekeeper, and found Plaintiff could perform the work as it is actually and generally performed because that job "did not require interaction with the public." *Id.* at 19. In his RFC determination, the ALJ explained: "The claimant reported that she did not have much contact with others when she worked as a housekeeper. She was given a list of rooms to clean and did that independently." *Id.* at 18.

Having reviewed the ALJ's reasons for his RFC decision and the testimony and evidence of record, I find substantial evidence supports the ALJ's determination. I further find that substantial evidence supports the ALJ's finding that Plaintiff is capable of performing her past relevant work. Although Plaintiff submits that the hearing testimony relied on by the ALJ is vague and does not clearly address whether Plaintiff's job as a housekeeper involved public contact, I disagree. At the hearing, the ALJ asked Plaintiff: "Now you said you have difficulty getting along with people? In your job as a housekeeper at a hotel, did you have frequent contact with people, or did you work pretty much independently?" ECF No. 7-2, 36. Plaintiff responded: "I worked pretty much independently. They'd text, gave you a list of rooms to go

clean." *Id.* This evidence is not misrepresented by the ALJ, and I find that he properly relied on it in his determination that Plaintiff is capable of performing her past work as a hotel housekeeper because the work, as described by Plaintiff, does not involve frequent interaction with the public.[2,3]

2. Whether the ALJ Erred in Evaluating the Opinion of Kimberly Ann Ditz, CRNP

Plaintiff argues the ALJ erred in giving limited weight to the opinion of Kimberly Ann Ditz, CRPN, the family psychiatric and mental health nurse practitioner at The Guidance Center who started treating Plaintiff in June 2012. ECF No. 10, 6-10.

Regardless of the source, an ALJ must evaluate every medical opinion received, state the weight he assigns the opinion, and articulate his reasons. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* §§ 404.1527(c)(1), 416.927(c)(1). When weighing medical opinions, an ALJ should consider all of the following factors: the examining relationship, the treatment relationship (the length of the treatment relationship and the frequency of examinations as well as the nature and extent of the treatment relationship), supportability, consistency, specialization and other factors brought to the ALJ's attention or which tend to support or contradict an opinion. *Id.* §§ 404.1527(c), 416.927(c). "[T]he more consistent an opinion is with the record as a whole, the more weight [an ALJ generally] will give to that opinion." *Id.* § 404.1527(c)(4), 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

---

[2] I disagree with Plaintiff's assertion that the DOT states that "rendering personal assistance to patrons is one of the *chief* responsibilities of the housekeeper job." ECF No. 10, 5 (emphasis added). Nothing in the description elevates the task of "assisting patrons" to a primary housekeeper responsibility. *See* http://www.occupationalinfo.org/32/323687014.html.

[3] Because I find the ALJ did not err in his Step 4 determination that Plaintiff is capable of performing her past relevant work, the ALJ was not required to proceed to Step 5 and solicit testimony from a Vocational Expert ("VE") to show Plaintiff's ability to adjust to other work that exists in significant numbers in the national economy, as suggested by Plaintiff in her request for remand. *See* ECF No. 10, 6.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Soc. Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

An ALJ must set forth his reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts . . . he must consider all of the evidence and give some reason for discounting the evidence he rejects.' " *Lanza v. Astrue*, No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. Apr. 28, 2009) (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)). "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.' " *Burnett*, 220 F.3d at 121-22 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

A nurse practitioner is not an acceptable medical source entitled to controlling weight. 20 C.F.R §§ 404.1513(d), 416.913(d); *see also* S.S.R. 06-03p. Nurse practitioners are categorized as "Other Sources." *Id.* Opinions from "other sources," if accepted, "cannot establish the existence of a medically determinable impairment . . . [but] may provide insight into

the severity of the impairment(s) and how it affects the individual's ability to function." S.S.R. 06-03p; *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361-62 (3d Cir. 2011); *Hartanft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999). Accordingly, an ALJ should weigh this evidence along with the rest of the evidence, using the same factors that guide an ALJ's review of acceptable medical source opinions. S.S.R. 06-03p; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) (the general factors used to evaluate medical opinions are listed *infra*).

Here, the ALJ assigned "some weight" to the opinion of Ms. Ditz. ECF No. 7-2, 18. The ALJ found: "Ms. Ditz' characterization of the claimant's social limitations as marked appears to be exaggerated, especially when considering the minimal mental status findings and reported improvement and good functioning in progress notes." ECF No. 7-2, 18. After a review of the record, I find substantial evidence supports the ALJ's stated reasons. *See, e.g.,* ECF No. 7-7, 10-12; 29-31; & 48-49 (Ms. Ditz's treatment notes show improvements with therapy and medication and conflict with her opinion that Plaintiff has marked difficulties in maintaining social functioning); *see also Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (an ALJ can give more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record); *Smith v. Astrue*, 359 F. App'x 313, 316 (3d Cir. 2009) (citing *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) and finding checklist form reports, like the ones completed by Ms. Ditz in this case, are "weak evidence at best"). Furthermore, ultimate questions of disability are reserved for the ALJ to determine. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Accordingly, I find no error in this regard.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the

meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COLLEEN SPIESS,            )
                           )
    Plaintiff,             )
                           )
    v.                     )   Civil Action No. 15-107 Erie
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of     )
Social Security            )
                           )
    Defendant.             )

AMBROSE, U.S. Senior District Judge

## ORDER

AND NOW, this 28th day of January, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [13]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge